C. MILLER v. MILLER'S ADMR., et al.

Irregularities in Proceedings Waived.

All objections to the informality and irregularities were waived by the parties, as there were no exceptions taken to the proceedings.

APPEAL FROM ADAIR CIRCUIT COURT.

June 16, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The chief difficulty in the way of appellant consists in the manner of presenting his claim for relief. He was not a party to the original suit, and without any petition to be made a party, he filed a pleading, styled in the caption and answer, and without making M. E. Miller, administrator of M. Miller, deceased, or any one else defendant thereto, states the facts upon which his claim to the negro man, Nick, or the price for which he was sold, rests.

But the master was ordered to take proof of his claim to said slave, or the bond for his price, and the matters connected therewith, and report to the court the result of his investigations, which he did, and the record shows that the attorneys for the parties, without exceptions to the master's report, or objections to the proceedings, submitted this branch of the case for judgment. We will, therefore, regard all objections, to the informality and irregularities in the proceedings, as waived by the parties, and proceed to consider the propriety of the judgment rendered by the court below.

It is conclusively shown by the evidence that the man Nick, after he had come to the hands of the administrator, was drafted, and put into the military service of the United States; that before he left the encampment an agreement was made by the administrator and appellant that if he could put William, a negro man then the property of said appellant, into the service as a substitute for Nick, that he should have Nick. William was substituted for Nick, and the certificate of the board of enrollment, of the fact, is filed as a part of the evidence, and M. E. Miller then executed to appellant a bill of sale for Nick, and delivered him into his possession.

When Nick was drafted, all that M. E. Miller was entitled to, or could ever hope to get for him, was the bounty to be paid by the government of the United States, and the effect of the agreement with appellant is to entitle him to the same amount as bounty for William, who was substitute for him, or even if that were not the case, he had the legal authority to sell Nick, and pass the title to his vendee, making himself thereby responsible to the creditors and heirs of his intestate for the value of the slave, in his then condition, or the bounty when paid by the United States government. A sufficient consideration passed from appellant by putting his slave into the army as a substitute for the slave of appellee to uphold the sale to him; and we see no rational or legal principle by which he should be deprived of the benefit of his contract. As, therefore, the judgment of the court below is in conflict with this conclusion, it is reversed, and the cause remanded, with directions that the price of Nick be paid over to appellant, and for further proceedings consistent herewith.